UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVE EASLEY,
    Plaintiff,

vs.

RANDY RICKY COOPER, et al.,
    Defendants.

Case No. 1:16-cv-338
Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants. This matter is before the Court on plaintiff's motion to supplement his complaint and for a preliminary injunction and/or temporary restraining order (Doc. 17) and defendants' motion to strike and/or response in opposition (Doc. 25).

In his motion, plaintiff asserts that under the direction of defense counsel, defendants Clark and Davis ordered the destruction of plaintiff's property during a "phony" search of his cell on July 1, 2016 and had him placed in solitary confinement without access to his legal materials. (*See* Doc. 17 at 1). Plaintiff alleges that during this incident, non-defendant Officer Dotson, acting on orders from defendants Clark and Davis, grabbed plaintiff's buttocks and placed fingers in plaintiff's rectum. Plaintiff further alleges that when he attempted to move, Officer Dotson slammed his face into the wall. (*Id.*). Officer Dotson then allegedly handcuffed plaintiff and escorted him to solitary confinement with non-defendant Melvin Smith. (*Id.* at 1, 3). Dotson and Smith "were told to take [a] detour off camera in dayroom" at around 6:00 p.m. while plaintiff was handcuffed. (*Id.* at 3). Plaintiff alleges that while they were in an off-camera area, Dotson, Smith, and non-defendant Officer Dufflemyer punched and slapped plaintiff, tried to remove his pants, threatened to kill him, and refused to allow him to file a report under the

Prison Rape Elimination Act ("PREA"). Plaintiff states that after he was taken to solitary confinement, non-defendant Nurse White helped him file a PREA complaint, which is currently pending. (*Id.*). Plaintiff asserts that his life is in danger and he needs to be transferred "before someone get[s] killed." (*Id.* at 5).

Defendants respond that plaintiff's motion to amend the complaint to add allegations of retaliation should be denied. (Doc. 25 at 6). Defendants contend that plaintiff's allegations are frivolous and "simply rehash[] previous allegations." (*Id.* at 6-7). Defendants argue that plaintiff's motion for injunctive relief should be denied because it is supported only by plaintiff's "bare, self-serving assertions that he is in fear of his life." (*Id.* at 7). Defendants contend that plaintiff has failed to show a strong likelihood of success on the merits because prison video footage "does not indicate any misbehavior by SOCF personnel." (*Id.* at 9). Defendants argue that plaintiff has failed to produce any evidence to show that he may be harmed in the future. (*Id.* at 10). Further, defendants move the Court to strike plaintiff's motion in its entirety. (*Id.* at 2).

*Motion to Amend*

Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within twenty-one days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to amend the complaint after the twenty-one day period has expired, he must obtain consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2). While leave to amend a complaint should be "freely given when justice so requires," *Forman v. Davis*, 371 U.S. 178, 182 (1962), proposed amendments to a prisoner's complaint must also be *sua sponte* reviewed under 28 U.S.C. §§ 1915 and 1915A. Courts have generally held that "[u]nrelated claims against different

2

defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). *See also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (citation omitted) (new unrelated claims against new defendants not allowed).

"In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 472 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). The complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). In order to be considered valid, the claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the alleged actions. *Id.* at 556. Specific facts are not required and the plaintiff is only required to give fair notice of the claim and the grounds upon which it rests. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). While all well-pleaded factual allegations must be accepted as true, the Court does not have to accept legal conclusions that are based on

3

the factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The Court must hold pro se pleadings to a less stringent standard than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g., Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

Here, plaintiff alleges that Officers Dotson, Smith, and Dufflemyer physically and sexually assaulted him on July 1, 2016. These individuals were not named as defendants in plaintiff's initial complaint, which raised claims related to actions alleged to have occurred in April through June 2014 and July and December 2015. (*See generally* Doc. 3). Plaintiff's proposed supplemental complaint fails to allege any facts demonstrating how the newly proposed defendants' alleged actions in July 2016 bear any connection to the actions of the named defendants that allegedly occurred between seven months and two years earlier. *See George*, 507 F.3d at 607; *Hetep*, 27 F. App'x at 309. *See also Proctor v. Applegate*, 661 F. Supp.2d 743, 778 (E.D. Mich. 2009) (citation omitted) ("[A] civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.").

Plaintiff attempts to show that his new allegations are related to his initial complaint by asserting that the new proposed defendants were ordered to assault him by defense counsel and defendants Clark and Davis in retaliation for plaintiff's filing this action. However, plaintiff's conclusory allegation of retaliation is an insufficient basis for permitting him to amend his

4

complaint. Plaintiff has not provided any additional factual support related to this allegation other than his "naked assertion" that the alleged assault on July 1, 2016 was retaliatory in nature. *Twombly*, 550 U.S. at 555-57. Thus, plaintiff's motion to amend the complaint should be denied as allowing him to amend his complaint to add these allegations would be futile.

*Motion for Injunctive Relief*

In determining whether to issue a preliminary injunction, the Court must balance the following factors:

1. Whether the party seeking the injunction has a "strong" likelihood of success on the merits;
2. Whether the party seeking the injunction would otherwise suffer irreparable injury;
3. Whether an injunction would cause substantial harm to others; and
4. Whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Id.* A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Id.* at 739.

Here, plaintiff is not entitled to injunctive relief. Plaintiff has failed to present any evidence showing he has a substantial likelihood of success on the merits of his constitutional claims, or that he will suffer irreparable harm absent a preliminary injunction. Plaintiff's allegations in his motion do not constitute evidence supporting injunctive relief. The Court has reviewed the video evidence submitted by defendants and it undermines plaintiff's allegations. This video evidence shows that while being patted down outside his cell, plaintiff backed away from the wall and turned toward the officer conducting the pat down. The officer then turned

5

plaintiff back toward the wall and handcuffed him. Plaintiff remained seated at a table outside the cell while officers completed a search of all the cells on the range, including plaintiff's cell. The video does not show an officer grabbing plaintiff's buttocks, putting fingers in his rectum, punching him, or trying to remove his pants. (*See* Doc. 17 at 1, 3). The video does not show any evidence from which a reasonable viewer could find support for plaintiff's claim that his life is in danger. (*See id.* at 5). In the absence of any evidence supporting plaintiff's motion, and given the video evidence undermining his allegations, the motion for injunctive relief should be denied.

*Motion to Strike*

Defendants request that plaintiff's motion be stricken in its entirety. (Doc. 25 at 2). However, defendants provide no argument as to why plaintiff's motion should be stricken instead of simply denied. Accordingly, the motion to strike is denied.

*Conclusion*

Based on the foregoing, defendants' motion to strike (Doc. 25) is **DENIED**. Further, it is **RECOMMENDED** that plaintiff's motion to supplement the complaint and for injunctive relief (Doc. 17) be **DENIED**.

Date: 9/21/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVE EASLEY,
    Plaintiff,

vs.

RANDY RICKY COOPER, et al.,
    Defendants.

Case No: 1:16-cv-338
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).