UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVE EASLEY,
　　Plaintiff,

vs.

RANDY RICKY COOPER, et al.,
　　Defendants.

Case No. 1:16-cv-338
Barrett, J.
Litkovitz, M.J.

**ORDER**

　　Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants. This matter is before the Court on plaintiff's motion to compel (Doc. 29) and "entry of default" (Doc. 30).

　　In the motion to compel, plaintiff asserts that he has sought production from defendants of various documents and video evidence related to his claims. (*See* Doc. 29 at 1, 3). Plaintiff asserts that defendants "are known to destroy or hide evidence or refuse to hand it over." (*Id.* at 1).

　　In the "entry of default," plaintiff asserts that defendants have refused to provide him with the video evidence that he is seeking. (Doc. 30 at 1-2). Plaintiff asks for an entry of default because "counsel will not defend or cooperate or even allow me to see all video[.] Nothing[.] Just blocking access[.] I've made numerous request[s]." (*Id.*).

　　Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Fed. R. Civ. P. 37(a)(1) provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Such a motion "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party

failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court, under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ."

Here, the Court first notes that while plaintiff has titled one of his motions "entry of default," in substance that motion is a motion to compel. Thus, the Clerk of Court is **DIRECTED** to docket the "entry of default" (Doc. 30) as a motion to compel. Plaintiff's motions fail to include the required certification that he conferred or attempted to confer with defendants about the instant discovery disputes prior to filing his motions to compel with the Court. Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1. Accordingly, the motions to compel (Docs. 29 and 30) are **DENIED**.

**IT IS SO ORDERED.**

Date: 12/14/16

Karen L. Litkovitz
United States Magistrate Judge

2