UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVE EASLEY,
Plaintiff,

vs.

RANDY RICKY COOPER, et al.,
Defendants.

Case No. 1:16-cv-338
Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants. This matter is before the Court on plaintiff's motion for default judgment (Doc. 35) and motion to compel (Doc. 36).

**I. Background**

As background, plaintiff previously filed a motion to compel (Doc. 29) and "entry of default" (Doc. 30) on October 5, 2016. Both motions concerned defendants' failure to produce video evidence requested by plaintiff. On December 14, 2016, the Court denied both motions. (Doc. 33). After finding that plaintiff's "entry of default" was in substance a motion to compel, the Court directed the Clerk of Court to docket plaintiff's "entry of default" as a motion to compel. (*Id.* at 2). The Court then denied both motions because they failed to include the required certification that he conferred or attempted to confer with defendants about the discovery dispute prior to filing the motions. (*Id.*).

On January 3, 2017, plaintiff applied to the Clerk of Court for entry of default (Doc. 34) and moved for default judgment (Doc. 35). In the motion for default judgment, plaintiff asserts that defendants failed to respond to his prior motion to compel (Doc. 29) or "entry of default"

(Doc. 30). (Doc. 35). Plaintiff asserts that defendants lose by default because they have failed to defend or answer discovery requests. (*See id.*).

Also on January 3, 2017, plaintiff filed a motion to compel with sanctions. (Doc. 36). Plaintiff asserts that since July 4, 2016, he has been requesting video evidence related to his claims but defendants have refused to produce that evidence. (*Id.* at 1-2). Plaintiff asserts that he renewed his request for video evidence in September 2016 and again in October/November 2016. (*Id.* at 2). Plaintiff contends the Court erred by denying his earlier motion to compel and "entry of default." (*Id.*). Plaintiff asks the Court to enter default and "stop helping the defense who refuse to respond or defend by default." (*Id.*). Plaintiff has attached to his motion a notarized verification that the facts and allegations contained in the motion are true. (*See id.* at 3).

Defendants respond that they have "been proceeding in good faith to provide the requested discovery and Defendants' responses should be issued shortly." (Doc. 38 at 5). Defendants' counsel represents that he responded to plaintiff's discovery requests in letters dated August 12 and September 19, 2016, in which he informed plaintiff that discovery was being gathered and "arrangements were made with the institution regarding his review of the camera footage he has requested." (*Id.*). Defendants contend that plaintiff has not suffered any prejudice because a calendar order in this case was not issued until November 2, 2016 and it set a discovery deadline of June 30, 2017. (*Id.* at 6).

**II. Motion for Default Judgment (Doc. 35)**

"Federal Rule of Civil Procedure 37(d) & (b)(2)(A)(vi) grants district courts the authority to render 'a default judgment against the disobedient party' for discovery abuses." *Thurmond v. Cty. of Wayne*, 447 F. App'x 643, 647 (6th Cir. 2011). "Entry of a default judgment against a

2

party 'for failure to cooperate in discovery is a sanction of last resort,' and may not be imposed unless noncompliance was due to 'willfulness, bad faith, or fault.'" *Id.* (quoting *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)). "[T]he failure to file a response to a motion does not entitle a party to default judgment." *Harris v. Collins*, No. 2:10-cv-12, 2010 WL 4513930, at *4 (S.D. Ohio Oct. 29, 2010) (Order and Report and Recommendation) (King, M.J.), *adopted*, 2010 WL 5014006 (S.D. Ohio Dec. 3, 2010) (Frost, J.).

Here, plaintiff seeks a default judgment against defendants for their failure to adequately respond to his discovery requests, not for any failure "to plead or otherwise defend" against the complaint. *See* Fed. R. Civ. P. 55(a). Thus, the provision for entry of default judgment related to the failure to comply with discovery requirements applies. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi); *Thurmond*, 447 F. App'x at 647. Sanctions under this rule may be appropriate if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). However, defendants have not failed to obey an order of the Court to provide discovery. While plaintiff previously filed a motion to compel production of the video evidence he seeks, the Court denied that motion because plaintiff failed to certify that he conferred or attempted to confer with defendants about the discovery dispute prior to filing a motion to compel. (*See* Doc. 33 at 2). Thus, because the Court never ordered defendants to produce the discovery that plaintiff seeks, defendants' failure to do so does not warrant entry of default judgment under Rule 37.

Plaintiff also seeks default judgment based on defendants' failure to respond to his October 2016 motion to compel (Doc. 29) and "entry of default" (Doc. 30). However, the failure to file a response to a motion does not entitle a party to default judgment under Rule 55. *See*

3

*Harris*, 2010 WL 4513930, at *4. Accordingly, it is **RECOMMENDED** that plaintiff's motion for default judgment be **DENIED**.

### III. Motion to Compel (Doc. 36)

In the motion to compel, plaintiff indicates that he is seeking video footage of the incident at issue, officers' disciplinary records, and investigatory documents. (*See* Doc. 36 at 1). Defendants' counsel represents that the requested discovery is being gathered and should be produced "shortly." (Doc. 38 at 5). Based on counsel's representation, an order compelling discovery is not appropriate at this time. In reaching this conclusion, the Court notes that the calendar order was not entered in this case until November 2, 2016. (*See* Doc. 32). The calendar order set a discovery deadline of June 30, 2017, which is still more than four months away. (*See id.*). It is the Court's expectation that defendants will diligently respond to the discovery requests identified in plaintiff's motion to compel. If defendants have not responded to those discovery requests by March 15, 2017, plaintiff may renew his motion to compel at that time. However, based on the information before the Court at this time, plaintiff's motion to compel (Doc. 36) is **DENIED**.

### IV. Conclusion

Based on the foregoing, plaintiff's motion to compel (Doc. 36) is **DENIED**. It is further **RECOMMENDED** that plaintiff's motion for default judgment (Doc. 35) be **DENIED**.

Date: 2/16/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVE EASLEY,
    Plaintiff,

vs.

RANDY RICKY COOPER, et al.,
    Defendants.

Case No: 1:16-cv-338
Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).