UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVE EASLEY,
Plaintiff,

vs.

RANDY RICKY COOPER, et al.,
Defendants.

Case No. 1:16-cv-338
Barrett, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, a former inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants. This matter is before the Court on plaintiff's motion to compel (Doc. 43), defendants' response in opposition (Doc. 44), and plaintiff's reply memorandum (Doc. 45).

As background, plaintiff previously filed motions to compel on October 5, 2016 (Doc. 29) and January 3, 2017 (Doc. 36). Both motions concerned defendants' failure to produce documents and video evidence requested by plaintiff. The Court denied both motions. (Doc. 33; Doc. 40). The Court denied the first motion because it failed to include the required certification that plaintiff conferred or attempted to confer with defendants about the discovery dispute prior to filing the motion. (Doc. 33). The Court denied the second motion on February 16, 2017 because an order to compel discovery was not appropriate considering defendants' representation that they would produce the requested discovery "shortly" and the discovery deadline was still four months away. (Doc. 40 at 4). However, the Court indicated that plaintiff could renew his motion if the requested discovery was not produced by March 15, 2017. (*Id.*).

On May 12, 2017, plaintiff filed the instant motion to compel. (Doc. 43). Plaintiff asserts defendants have refused to provide discovery for which plaintiff made "numerous

request[s] in 2016." (*Id.* at 2). Plaintiff asks the Court to compel defendants to produce video footage of the incidents at issue, the officers' disciplinary records, and various investigatory documents related to the incidents. (*See id.* at 1-2). Plaintiff has attached to his motion a notarized affidavit that the facts and allegations contained in the motion are true. (Doc. 43-1).

Defendants respond that they have "initiated the request for review" and "virtually a ream of documents is being examined and redacted as necessary." (Doc. 44 at 3). Defendants assert that "the response to discovery in this case and similar cases takes time" because of "the vagaries of schedules [and] administrative availability to gather the extensive discovery." (*Id.*). Defendants represent that "[i]t is anticipated discovery packages [will] begin to be sent out by U.S. Mail Tuesday, June 6, 2017 and further documents will follow." (*Id.*). Defendants assert without elaboration that "arrangements were made with the institution regarding Plaintiff's review of the camera footage he has requested." (*Id.* at 4). Defendants contend that plaintiff has not suffered any prejudice from not receiving the requested discovery because the discovery deadline is June 30, 2017. (*Id.* at 4).

In reply, plaintiff states that he received some of the documents requested on June 12, 2017, but others have still not been provided. (Doc. 45 at 1). Plaintiff asserts that he was transferred to the Toledo Correctional Institution and still has not been shown the video footage he has requested. (*Id.* at 4).

In the February 2017 Order denying plaintiff's earlier motion to compel, the Court stated its "expectation that defendants will diligently respond to the discovery requests identified in plaintiff's motion to compel" and anticipated that defendants would make such a response by March 15, 2017. (Doc. 40 at 4). In the June 5, 2017 response to the instant motion to compel, defense counsel states that he "has initiated the request for review." (Doc. 44 at 3). As justification for the failure to respond to the discovery requests by the March 15, 2017 date

2

identified in the Court's previous order, counsel asserts only the vague and conclusory statement that "based on the vagaries of schedules [and] administrative availability to gather the extensive discovery, the response to discovery in this case and similar cases takes time." (*Id.* at 3). In light of the expectations set forth in the Court's prior order, defendants' excuse does not constitute good cause for their failure to provide timely responses to plaintiff's discovery requests.

Accordingly, plaintiff's motion to compel (Doc. 43) is **GRANTED**. Defendants are **ORDERED** to provide responses to plaintiff's outstanding document requests within **seven (7) days** of the date of this Order. Additionally, plaintiff attests in his affidavit that defendants have not permitted him to see the requested video footage of the incident at issue. (*See* Doc. 43-1 at 1-2). While defense counsel represents that "arrangements were made with the institution regarding Plaintiff's review of the camera footage" (Doc. 44 at 4), defendants have not supported that representation with any evidence (e.g., an affidavit) that plaintiff has actually been shown the video footage. Thus, defendants are **ORDERED** to show plaintiff the requested video footage within **seven (7) days** of the date of this Order. In light of these rulings, the discovery deadline is **EXTENDED** to **July 31, 2017**. The dispositive motion deadline is **EXTENDED** to **October 2, 2017**.

**IT IS SO ORDERED.**

Date: 7/3/17

Karen L. Litkovitz
United States Magistrate Judge

3