# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| DAVE EASLEY,<br>Plaintiff, | Case No. 1:16-cv-338<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| RANDY RICKY COOPER, *et al.*,<br>Defendants. | **ORDER** |

This matter is before the Court on plaintiff's motion for mediation (Doc. 51) and defendants' memorandum in opposition. (Doc. 54). Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 against several prison employees alleging violations of his constitutional rights. (Doc. 3).

As background, on April 19, 2016, this Court conducted a *sua sponte* review of plaintiff's complaint and concluded by Report and Recommendation that a number of plaintiff's claims could proceed against defendants Randy Cooper, William Bauer, Ernie Ison, Michael Dillow, Susan Felts, Cynthia Davis, Walter Sammons, Steve Harris, Chuck Smith, Larry Greene, Lt. Rogers, Captain Clark, and Charlie Miller. (*See* Doc. 4 at 12). Plaintiff then filed a motion for leave to amend his complaint, which this Court denied on August 17, 2016. (Doc. 27). Construing plaintiff's motion for leave to amend liberally, however, the Court granted plaintiff's motion for clarification on August 17, 2016 and clarified that plaintiff could proceed on the following claims: (1) Eighth Amendment excessive force, conspiracy, and First Amendment retaliation claims against defendants Harris, Dillow, Bauer, Cooper, and Ison; (2) deliberate indifference to serious medical needs claims against defendants Miller, Ison, and Bauer; (3) failure to protect claims against defendants Smith, Miller, and Davis; and (4) First Amendment

retaliation claims against defendants Clark, Rogers, Felts, Sammons, and Greene. (*Id.*). On November 2, 2016, this Court entered a calendar order that set a discovery deadline of June 30, 2017 and a dispositive motion deadline of August 31, 2017. (Doc. 32). The Court granted defendants' motion for extension of time to complete discovery, and discovery subsequently expired on July 24, 2017. (Doc. 49).

On August 4, 2017, plaintiff filed a motion for mediation. In the motion, plaintiff asserts that "[he] would like to settle the lawsuit to file second prison rape suit or settle all claims including prison rape retaliation etc." (Doc. 51).[1] Plaintiff claims that defendants have expressed an interest in settlement. (*Id.*). Plaintiff requests that the court appoint a mediator to settle the case to "insure [sic] fairness" in a way that both sides are satisfied. (*Id.*).

Defendants oppose plaintiff's motion, arguing that "[p]laintiff's request for mediation of this matter is premature, as this Court has not yet had the opportunity to rule on dispositive motions…." (Doc. 54). Defendants further argue that they do not wish to engage in settlement discussions as mediation is not appropriate or necessary at this time. (*Id.*).

The undersigned finds that plaintiff's motion for mediation is unwarranted at this time, particularly because both parties have not agreed to mediation. Further, the dispositive motion deadline recently passed on August 31, 2017, and this Court has yet to rule on defendants' August 14, 2017 motion for judgment on the pleadings and plaintiff's memorandum in

---

[1] Plaintiff's motion is accompanied by a set of interrogatories. (Doc. 51 at 3-4). Plaintiff is advised that he must serve his discovery requests on defendants rather than file them with the Court. *See* Fed. R. Civ. P. 33(a) ("a party may serve on any other party no more than 25 written interrogatories…."). The Court further notes that the discovery deadline expired on July 24, 2017.

2

opposition. Plaintiff's motion for mediation is therefore **DENIED**.

**IT IS SO ORDERED.**

Date: 9/21/17

Karen L. Litkovitz
United States Magistrate Judge