# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DAVE EASLEY,
  Plaintiff,

vs.

RANDY RICKY COOPER, et al.,
  Defendants.

Case No. 1:16-cv-338
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Proceeding pro se, plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 against several prison employees alleging violations of his constitutional rights. (Doc. 3). This matter is before the Court on defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 52) and plaintiff's memorandum in opposition (Doc. 55).

## I. Background

### A. Plaintiff's Complaint

Plaintiff filed his initial complaint in this action on February 25, 2016. (Doc. 3). In his complaint, plaintiff alleges that defendant Officer Steve Harris harassed him and placed him in isolation based on a "false disciplinary report" in April 2014. (*Id.* at 5). Plaintiff alleges that after his release from isolation, defendant Harris threatened to lock him up again and conducted a body search, during which he claims Harris "grab[bed] [his] testicle and squeeze[d] hard enough to cause swelling." (*Id.*). Plaintiff claims that he reported the incident by calling the Prison Rape Elimination Act ("PREA") hotline and defendants Miller and Smith investigated the incident, but they did not take his complaint seriously when he requested separation from defendant Harris. (*See id.* at 5-7). Plaintiff alleges that for a month and a half, he was "force[d] to remain in the same location [as] Harris." (*Id.* at 7).

During this time, plaintiff claims that Harris continued the harassment. (*Id.*). On June 4, 2014, plaintiff claims that defendant Harris ordered him to "get on [the] wall" so that he could perform a rectal exam. (*Id.* at 8). While handcuffed against the wall, plaintiff alleges that Harris told other guards to "kick his ass." (*Id.* at 8). According to plaintiff, defendant Dillow tripped him, defendant Bauer slapped him on the back of the head with his PR stick, and defendant Cooper punched him in the ribs, stomach, and upper body. (*Id.*). Defendants Dillow and Bauer proceeded to take plaintiff to the J2 strip cage, where plaintiff alleges Bauer sprayed him with mace and slammed his face into the wall. (*Id.* at 9).

Plaintiff's complaint lists several other allegations against defendants. Plaintiff alleges that on July 14, 2015, defendants Cooper and Faye entered his cell and destroyed his personal items. (*Id.* at 11). Plaintiff also claims that on December 17, 2015 he received a false threat report and was placed in isolation by defendants Clark and Rogers in retaliation for his PREA complaint. (*Id.* at 11-12). According to plaintiff, he received a 4B security increase based on the false threat by defendants Sammons and Felts of the disciplinary board. (*Id.* at 12). Plaintiff also claims that defendant Felts wrote a second false report indicating that he was disruptive in the disciplinary hearing. (*Id.* at 13). Plaintiff further claims that defendant Greene refused to reverse the disciplinary board's ruling because he holds a grudge against plaintiff stemming from a writ of mandamus lawsuit in 2012. (*Id.*).

*B. Procedural History*

On April 19, 2016, this Court conducted a *sua sponte* review of plaintiff's complaint and concluded by Report and Recommendation that a number of plaintiff's claims could proceed against defendants Cooper, Bauer, Ison, Dillow, Felts, Davis, Sammons, Harris, Smith, Greene, Rogers, Clark, and Miller. (*See* Doc. 4 at 12). Plaintiff then filed a motion for leave to amend

his complaint, which this Court denied on August 17, 2016. (Doc. 27). Construing plaintiff's motion for leave to amend liberally, however, the Court granted plaintiff's motion for clarification on August 17, 2016 and clarified that plaintiff could proceed with the following claims: (1) Eighth Amendment excessive force, conspiracy, and First Amendment retaliation claims against defendants Harris, Dillow, Bauer, Cooper, and Ison; (2) deliberate indifference to serious medical needs claims against defendants Miller, Ison, and Bauer; (3) failure to protect claims against defendants Smith, Miller, and Davis; and (4) First Amendment retaliation claims against defendants Clark, Rogers, Felts, Sammons, and Greene. (*Id.*). The Court set a discovery deadline of July 31, 2017 and stayed the October 2, 2017 dispositive motion deadline pending the resolution of this present motion for judgment on the pleadings. (Docs. 47, 58).

**II. Legal Standard**

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir.

2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. Defendants' motion for judgment on the pleadings should be granted and plaintiff's complaint should be dismissed pursuant to the *Leaman* doctrine.

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In their motion, defendants argue that plaintiff's complaint should be dismissed because plaintiff filed suit in the Ohio Court of Claims on April 20, 2016 based on the same set of acts or omissions and named several of the same defendants in that suit, and thus his claims are barred under the *Leaman* doctrine of the Sixth Circuit. (Doc. 52 at 3). Defendants also argue that they are entitled to qualified immunity. (*Id.*).

Defendants contend that "[p]laintiff's complaint in his Court of Claims case contains claims virtually identical to those contained herein." (*Id.* at 9). Defendants assert that in his Court of Claims complaint, plaintiff also named defendants Bauer, Cooper, Dillow, and Ison as perpetrators of an alleged June 4, 2014 assault "stemming from ongoing discord related to Plaintiff's earlier filing of a PREA sexual assault complaint against Officer Harris." (*Id.* at 9-10) (citing Complaint at 1, *Dave Easley v. Ohio Dept. of Rehab. and Corr.*, Case No. 2016-00337 (Ohio Court of Claims)). Defendants also contend that other factual similarities exist between plaintiff's Court of Claims complaint and his complaint in this present lawsuit, including: (1)

4

allegations that mace was used on plaintiff unjustifiably when he was placed in the J2 strip cage; (2) allegations that plaintiff was not permitted a decontamination shower and had no water; (3) allegations of false conduct reports filed against plaintiff; (4) allegations of destruction of personal property by defendants Cooper and Faye on July 14, 2015; (5) allegations regarding plaintiff's placement in solitary confinement; (6) allegations of retaliation; (7) and allegations of lack of mental health treatment and issues with medication. (*Id.* at 10) (citing Complaint at 1-3, *Dave Easley v. Ohio Dept. of Rehab. and Corr.*, Case No. 2016-00337 (Ohio Court of Claims)). Defendants argue that three differences exist between the Court of Claims complaint and plaintiff's complaint in this present lawsuit:

(1) The identity of the captioned Defendant (ODRC versus multiple named defendants in the federal complaint, several of whom are specifically identified in the Court of Claims complaint);
(2) some of the stated bases for liability ("Pain and Suffering Mental Anguish and excessive force Failure to protect and breach of Contract" versus "Pain and Suffering, Mental Anguish evil intent, Negligence, Negligent supervision, Medical Misconduct, Deliberate Indifference to Medical Needs Conspiracy to committ (sic) harm Failure to Protect, Humiliation Deliberate indifference to Safety"); and
(3) the amount of damages sought ($175,000.00 versus $500,000.00)

(*Id.* at 10-11) (citing Federal Complaint, Doc. 3 at 6; Court of Claims Complaint at 3, *Dave Easley v. Ohio Dept. of Rehab. and Corr.*, Case No. 2016-00337 (Ohio Court of Claims)).

Defendants maintain that although plaintiff is a pro se litigant, he "knowingly, intelligently, and voluntarily waived his right to proceed in federal court under *Leaman*" and has an "extensive litigation history" that justifies dismissing the case under *Leaman*. (*Id.* at 11).

Plaintiff opposes defendants' motion, arguing that his 2016 Court of Claims complaint alleges different facts than his federal complaint. Specifically, plaintiff alleges that his Court of Claims complaint relates to incidents that occurred in 2015, including the destruction of his property by defendant Cooper and ongoing harassment and retaliation. (Doc. 55 at 1). Plaintiff

5

asserts that he pleaded the events from June 4, 2014 in his Court of Claims complaint seeking to explain "what lead [sic] up to this 2015 ongoing retaliation." (*Id.*). Plaintiff also argues that because he filed his federal case before the Court of Claims case, and the Court of Claims subsequently dismissed his complaint without considering it on the merits, his federal suit should not be dismissed. (*Id.* at 2-3).[1]

Ohio Rev. Code § 2743.02(A)(1) provides in part that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee. . . ." The waiver applies to federal causes of actions as well as causes of action based on state law. *Savage v. Gee*, 665 F.3d 732, 738 (6th Cir. 2012) ("federal damages claims against state officials are barred where claims based on the same act or omission were previously raised in the Court of Claims. . . .") (citing *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc)). *See also Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995) (explaining that the Court of Claims Act established a "*quid pro quo*, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees"). A plaintiff's choice to pursue relief in the Court of Claims must be "knowing, intelligent, and voluntary." *Leaman*, 825 F.2d at 956. In *Leaman*, the plaintiff made a knowing and voluntary waiver of her federal cause of action because she was represented by counsel at the time the Court of Claims action was filed. *Id.* ("The finding that the waiver was 'knowing, intelligent, and voluntary' presumably rests upon the fact that Ms. Leaman was represented by competent counsel when she

---

[1] Plaintiff also claims that his mail was collected by mistake and an officer inadvertently filed the complaint with the Court of Claims without his consent. (Doc. 55 at 2-3). The Court finds this claim to be inconceivable. The Ohio Administrative Code establishes firm outgoing mail procedures and guidelines for inmates. *See* Ohio Admin. Code 5120-9-18. Like any mail, letters and correspondence from inmates must contain the required postage. Outgoing mail must clearly identify the sender's name, institution number, and return address. Legal mail must be marked as "legal mail" by the inmate. Prisons have mail processing rooms where inmates deliver outgoing mail. As such, the Court remains persuaded that plaintiff himself took all of these requisite steps to mail his Court of Claims complaint.

filed her action in the Court of Claims, and counsel must be presumed to have known what the Court of Claims Act said. Under the circumstances of this case, we consider this an adequate foundation for the finding of voluntariness."). In contrast, this presumption does not automatically apply to pro se litigants and district courts must make a factual determination as to whether a pro se litigant knowingly, intelligently, and voluntarily waived federal claims when filing suit in the Ohio Court of Claims. *See Kajfasz v. Haviland*, 55 F. App'x 719, 722 (6th Cir. 2003).

Courts within the Southern District of Ohio have held that pro se litigants knowingly and voluntarily waive their right to proceed with federal claims when filing suit in the Ohio Court of Claims when they have extensive prior litigation experience. *See Easley v. Bauer*, No. 1:07-cv-37, 2008 WL 618642, at *3 (S.D. Ohio Feb. 29, 2008) (barring federal claims under *Leaman* because pro se plaintiff had filed as many as ten other pro se federal civil actions, including one in which he presented evidence and arguments in a jury trial, and thus was an experienced litigant); *Williams v. Smith*, No. 2:05-cv-845, 2006 WL 2192470, at *10-11 (S.D. Ohio Aug. 1, 2006) (dismissing federal claims under *Leaman* because pro se plaintiff had been involved in at least three previous lawsuits and demonstrated "an above-average understanding of the law for a pro se litigant"); *Brooks v. McCoy*, No. 1:15-cv-39, 2015 WL 4538512, at *4 (S.D. Ohio July 27, 2015) (same).

Although plaintiff is a pro se litigant, the undersigned finds that he made a knowing, intelligent, and voluntary waiver of his right to proceed in federal court by filing suit in the Ohio Court of Claims. *See Leaman*, 825 F.2d at 956. Plaintiff is an experienced litigant who has filed over ten pro se federal civil lawsuits, including one in which he presented evidence and arguments in a jury trial. *See Easley*, 2008 WL 618642, at *3 (citing *Easley v. Dillow*, No. C-1-

7

99-00198 (S.D. Ohio Aug. 15, 2001) (judgment entry on jury verdict for defendants)). In fact, the Court previously dismissed plaintiff's claims in a different federal lawsuit under *Leaman* because he had filed an action in the Court of Claims based on similar facts. *See id.* Therefore, plaintiff had notice that filing a lawsuit in the Ohio Court of Claims would result in a waiver of his federal claims. In addition, the Court notes that plaintiff demonstrates an adequate understanding of the law, including the relevant federal statute for his constitutional claims, which further justifies a finding that plaintiff made a knowing, intelligent, and voluntary waiver of his federal claims. (*See* Doc. 55 at 2-3). *See also Brooks*, 2015 WL 4538512, at *4.

While plaintiff has attempted to distinguish his two lawsuits as having distinct factual backgrounds, the Court finds that this lawsuit and the action filed in the Ohio Court of Claims set forth similar factual allegations. "[A]n identity of claims and defendants is not required" and "[t]he waiver applies to any cause of action, based on the same acts or omissions, which plaintiff may have against any officer or employee of the state." *Easley*, 2008 WL 618642, at *2. In his Court of Claims complaint filed on April 20, 2016 and subsequently dismissed on April 13, 2017, plaintiff pleads several of the same facts as in his federal complaint that relate to his conditions of confinement from 2014 and 2015. Both lawsuits plead facts seeking to hold defendants liable for events occurring after plaintiff filed a PREA complaint against defendant Harris in 2014. Both lawsuits plead facts relating to an excessive force incident on June 4, 2014 and an incident on July 14, 2015 involving the destruction of plaintiff's property. Both lawsuits also contain the same allegations challenging several discipline reports, ongoing retaliation, and plaintiff's placement in solitary confinement. (*See* Federal Complaint, Doc. 3; Court of Claims Complaint at 1-3).

Plaintiff's argument that he did not waive his federal claims because the Court of Claims

8

dismissed his case without hearing it on the merits is not well-taken. The act of *filing* a case with the Ohio Court of Claims results in a waiver of federal claims. *See* Ohio Rev. Code Ann. § 2743.02(A)(1) ("*filing* a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission. . . .") (emphasis added). *See also Fischer v. Kent State Univ.*, No. 5:09-cv-315, 2010 WL 11519471, at *2 (N.D. Ohio June 18, 2010) ("whether the plaintiff's action in the Ohio Court of Claims is dismissed or still pending is irrelevant, as the waiver is complete upon filing"), *aff'd on other grounds*, 459 F. App'x 508 (6th Cir. 2012); *Higginbotham v. Ohio Dep't of Mental Health*, 412 F. Supp.2d 806, 812 (S.D. Ohio 2005) ("[p]laintiff's filing in the Court of Claims constituted a complete waiver of any state or federal claims against the individual employees"); *Thomas v. Ohio Dep't of Rehab. and Corr.*, 36 F. Supp.2d 1005, 1008 n.3 (S.D. Ohio 1999) ("The language of the statute, as well as that of the Sixth Circuit cases . . . indicate that filing, alone, is sufficient to trigger the waiver. Here, the '*quid*' in Thomas' *quid pro quo* existed in the form of her ability to file suit against the state, not to litigate it fully."); *Johansen v. Banks*, No. 1:09-cv-802, 2010 WL 1839010, at *2 (S.D. Ohio Apr. 30, 2010) (same). Plaintiff's argument that a waiver did not occur since he filed his federal lawsuit before filing in the Ohio Court of Claims is also not well-taken because the sequence of filings is irrelevant. *See Fischer*, 459 F. App'x at 509. Accordingly, the Court finds that both lawsuits arise out of the same acts or omissions, and plaintiff has waived his federal claims against defendants.

**IV. Conclusion**

For the reasons stated above, the Court finds that under *Leaman* and its progeny, plaintiff made a knowing, intelligent, and voluntary waiver of his federal claims against defendants by

filing suit in the Ohio Court of Claims based on the same acts or omissions.[2] Thus, the Court finds that plaintiff has pled no facts showing he is entitled to relief and defendants' motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) should be **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motion for judgment on the pleadings (Doc. 52) be **GRANTED**. It is **FURTHER RECOMMENDED** that plaintiff's complaint be **DISMISSED** and this case be closed on the docket of the Court

Date: 10/25/17

Karen L. Litkovitz
United States Magistrate Judge

---

[2] The Court declines to consider defendants' qualified immunity argument as it has determined that plaintiff's complaint should be dismissed under *Leaman*.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVE EASLEY,
Plaintiff,

vs.

RANDY RICKY COOPER, et al.,
Defendants.

Case No. 1:16-cv-338
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).